**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHAMBERS OF**<br>**CATHY L. WALDOR**<br>**UNITED STATES MAGISTRATE JUDGE** | **MARTIN LUTHER KING COURTHOUSE**<br>**50 WALNUT ST.**<br>**ROOM 4040**<br>**NEWARK, NJ 07101**<br>**973-776-7862** |

## REPORT & RECOMMENDATION

Re:   Louise E. Scalera v. DSW, Inc., et al.
      Civil Action No. 2:19-cv-21980-ES-CLW

This matter comes before the Court by way of referral from the Honorable Esther Salas to issue a Report and Recommendation regarding Plaintiff Louise E. Scalera's Motion to Remand. (ECF No. 7). The Court declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78, and, for the reasons set forth below, the Court recommends that the Motion to Remand be **GRANTED**.

**Background**

This action is Plaintiff's second lawsuit arising out of an incident in which Plaintiff allegedly tripped over a shoe fitting bench and fell at Defendant DSW, Inc.'s Wachtung location. Plaintiff first filed suit against DSW in the Superior Court of New Jersey, Law Division, Essex County, on March 26, 2019. (Civil Action No. 2:19-cv-09587-ES-CLW, ECF No. 1-2). DSW removed the case to this Court on the basis of diversity jurisdiction and subsequently moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 3). On December 5, 2019, this Court granted Defendant's Motion and dismissed the Complaint without prejudice for failure to state a claim upon which relief can be granted. (*Id*. ECF No. 14). The Court granted Plaintiff leave to file an amended complaint that cured her pleading deficiencies within 20 days. (*Id*. at p. 3). Plaintiff failed to do so.

Instead, on December 09, 2019, Plaintiff filed a new Complaint in the Superior Court of New Jersey, Law Division, Essex County. (ECF No. 1-8).[1] Plaintiff articulates additional factual details and a more specific theory of liability against DSW. Of particular relevance to the instant Motion, Plaintiff also names as Defendants six individual DSW employees who were working at the store on the day of the alleged incident – Dawn Canavan, Susan Spencer, Mark McSpirit, Sahara Fernandez, Prudence DiPaolo, and Mikala Connery. (*Id*. ¶ 5). Plaintiff claims, and DSW does not dispute, that some of these newly named Defendants are New Jersey residents.

On December 27, 2019, DSW removed the newly filed action to this Court pursuant to 28 U.S.C. § 1441(a). (Notice of Removal, ECF No. 1-2). According to DSW, the Court may exercise diversity jurisdiction over this matter, because complete diversity exists between Plaintiff and DSW and the amount in controversy exceeds $75,000. (*Id.* ¶¶ 18, 20). DSW argues that the

---

[1] All subsequent docket entry numbers refer to 2:19-cv-21980-ES-CLW.

individual Defendants were fraudulently joined by Plaintiff in order to defeat diversity jurisdiction and that their New Jersey citizenship should be disregarded. (*Id.* ¶ 12).

DSW then moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). DSW argues that the doctrine of claim preclusion bars Plaintiff from bringing a new Complaint asserting the same cause of action as the original Complaint dismissed by this Court. (ECF No. 5). That Motion remains pending.

Plaintiff now moves to remand this matter. (ECF No. 7). Plaintiff argues that DSW's removal was defective, because the addition of non-diverse individual Defendants strips this Court of diversity jurisdiction. Plaintiff argues that the individual Defendants, some of whom are New Jersey citizens, were properly joined. Because these individual Defendants destroy complete diversity, this matter should be remanded.

**Legal Standard**

Under 28 U.S.C. § 1441, a defendant may remove a state court action to federal court if there is federal jurisdiction over the matter. The defendant must file a notice of removal within thirty days of receiving a copy, "through service or otherwise," of the initial pleading. 28 U.S.C. 1446(b)(1). Federal courts have diversity jurisdiction over cases between "citizens of different states" in which the amount in controversy exceeds $75,000. 26 U.S.C. § 1332(a)(1).

The fraudulent joinder doctrine carves out an exception to the complete diversity requirement in section 1332(a)(1). In cases with non-diverse defendants, the diverse defendant "may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). The diverse defendant must demonstrate that "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Id*. at 217 (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-52 (3d Cir. 1992)).

**Discussion**

The Court recommends that this matter be remanded for lack of federal diversity jurisdiction. DSW has failed to demonstrate that the non-diverse Defendants were fraudulently joined.

In her new Complaint, Plaintiff puts forth a tort claim against the six individual employees, all of whom were "working within the store [at] the time of the incident." (Compl., ECF No. 1-8, ¶ 5). Plaintiff alleges that these Defendants "were negligent in allowing a dangerous condition, the placement of the fitting benches within the store, to exist, causing the plaintiff injuries." (*Id*. ¶ 6). Plaintiff further alleges that she suffered "severe disabling and permanent injuries" "as a direct and proximate result" of the individual employees' negligence. (*Id*. ¶ 3).

In evaluating this negligence claim for purposes of fraudulent joinder, the Court "must assume as true all factual allegations in the complaint" and "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Perry v. ADT LLC*, No. CV176676ESMAH, 2018 WL 1221161, at *2. (D.N.J. Mar. 8, 2018). Defendant carries a "heavy burden of persuasion" and must show that Plaintiff's negligence claim is "wholly insubstantial and

frivolous." *Id.* at *3. "[I]f there is even a *possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court[.]" *Briscoe*, 488 F. 3d at 217.

Here, evaluating the Complaint in the light most favorable to Plaintiff, the Court cannot find that Plaintiff's claim against the individual employees is so wholly meritless as to justify dismissing these Defendants as fraudulently joined. Plaintiff makes a colorable claim that the Defendants were negligent in allowing the fitting benches in the store to be placed in a "dangerous" location, where customers are susceptible to tripping over them. Specifically, Plaintiff alleges that the Defendants were aware that the placement of the fitting benches was dangerous, because customers had tripped over the benches on at least five prior occasions. (Compl., ECF No. 1-8, at p. 5).

In its Opposition, DSW attacks the merits of Plaintiff's negligence claim against both DSW and the individual employees. DSW argues that Plaintiff admitted in previous testimony that she tripped over the fitting bench because she was distracted by looking at merchandise on the shelves. (Def.'s Opp., ECF No. 9, at p. 7). However, because Plaintiff has presented a colorable negligence claim against the Defendants, the Court's inquiry into the merits of Plaintiff's claim must end there. *See Batoff*, 977 F.2d at 852 ("[T]he district court erred in converting its jurisdictional inquiry into a motion to dismiss."). Under the fraudulent joinder standard, the Court cannot resolve the merits of Plaintiff's negligence claim. *Id.* ("[T]he inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder.").

Moreover, Courts in this District have declined to find that individual store employees were fraudulently joined in similar circumstances. For example, in *Alexandre v. Costco Wholesale Corporation*, the Court found that the plaintiff did not fraudulently join a non-diverse store manager in a personal injury action, despite a certification from the store manager that he was not involved in the underlying incident. *Alexandre v. Costco Wholesale Corp.*, No. CV 19-6286 (ES)(MAH), 2019 WL 2425179, at *4 (D.N.J. May 21, 2019), *report and recommendation adopted*, No. CV196286ESMAH, 2019 WL 2423752 (D.N.J. June 7, 2019). As is the case here, the plaintiff had made a colorable allegation that "all Defendants negligently maintained the premises at Defendant Costco's store…thereby creating a dangerous condition that caused her to fall and sustain injuries." *Id.* at *5; *see also Holguin v. Kohl's Dep't Store, Inc.*, No. 215CV07016SDWLDW, 2016 WL 922130, at *3 (D.N.J. Feb. 19, 2016), *report and recommendation adopted*, No. 215CV07016SDWLDW, 2016 WL 901087 (D.N.J. Mar. 8, 2016) (declining to find a non-diverse store employee was fraudulently joined where plaintiff alleged in her Complaint "that defendants controlled the Kohl's store where she was injured, and that defendants negligently and carelessly maintained the premises so as to allow a dangerous and hazardous condition to occur.").

The Court may also dismiss non-diverse Defendants if the Plaintiff has "no real intention in good faith to prosecute" its claims against those Defendants. *In re Briscoe*, 448 F. 3d at 217. DSW argues that Plaintiff brought these claims in bad faith in order to defeat diversity jurisdiction. (Def.'s Opp., ECF No. 9, at p. 8). According to DSW, Plaintiff received the names of the individual Defendants during the course of discovery in the first-filed action, forty days before the Court dismissed Plaintiff's Complaint. (*Id*). DSW speculates that Plaintiff strategically named the

individual employees in her new Complaint in order to ensure that this matter is adjudicated in state court. (*Id*).

Plaintiff denies engaging in any gamesmanship. Plaintiff has presented a good faith explanation for her failure to name the individual Defendants at an earlier stage by amending her original Complaint. (Pl.'s Br., ECF No. 7-1, at p. 6-7). In the original action, the Court gave Plaintiff leave to file an amended Complaint that cured the vague nature of Plaintiff's claims against DSW. Plaintiff did not do so, because Plaintiff knew that adding the newly discovered employees to her Complaint would deprive this Court of jurisdiction. (*Id*. at p. 7). Therefore, rather than amending the Complaint in federal court, Plaintiff chose to file a new Complaint in state court. (*Id.*).

In sum, DSW has not demonstrated that Plaintiff fraudulently joined the non-diverse Defendants in this matter. Accordingly, its removal of this matter on the basis of diversity jurisdiction was improper, and the Court respectfully recommends that this matter be remanded.[2]

**FEES**

Plaintiff seeks attorneys' fees and costs incurred as a result of DSW's improper removal, pursuant to 28 U.S.C. 1447(c). (Pl.'s Br., ECF No. 7-1, at p. 11). In exercising its discretion to award fees under section 1447(c), the Court looks to whether the defendant "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). That is not the case here. DSW's argument that Plaintiff's claims against the individual DSW employees lack merit is not objectively unreasonable, especially in light of the fact that Plaintiff's original action against DSW was dismissed for failure to state a claim under Rule 12(b)(6). Accordingly, Plaintiff's fee application is denied. *See, e.g., Alexandre v. Costco Wholesale Corp.*, 2019 WL 2423752 at *6 (denying fee application in connection with defective removal based on fraudulent joinder).

<u>Conclusion</u>

For the foregoing reasons, the Court recommends that the Motion for Remand be **GRANTED**. ECF No. 7 shall be terminated upon adoption of this Report and Recommendation.

Pursuant to Local Rule 72.1(c)(2), parties have 14 days from the date this report is filed with the Clerk of the Court to file and serve objections to this Report and Recommendation.

**SO ORDERED**

February 18, 2020

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**

---

[2] Plaintiff presents two additional arguments in support of her Motion to Remand. First, Plaintiff argues that DSW's removal of the Complaint was defective under 28 U.S.C. § 1446(b)(2), because DSW did not obtain the unanimous consent of the individual Defendants for removal. (Pl.'s Br., ECF No. 7-1, at p. 8). Second, according to Plaintiff, Defendant has not demonstrated that the amount in controversy exceeds the required threshold of $75,000 for federal diversity jurisdiction. (*Id.* at pp. 10-11). Because the Court recommends that this matter be remanded based on a lack of complete diversity of citizenship, the Court does not reach these arguments.