**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LOUISE SCALERA,**<br><br>     **Plaintiff,**<br><br>     v.<br><br>**DSW, INC.,**<br><br>     **Defendant.** | Civil Action No. 19-21980 (ES) (CLW)<br><br>OPINION |

**MCNULTY, DISTRICT JUDGE**

Before the Court is the objection of defendant DSW, Inc. to the Honorable Magistrate Judge Cathy L. Waldor's report and recommendation that the Court grant plaintiff Louise Scalera's motion to remand this action to state court.[1] I have reviewed the relevant submissions, and I decide this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R. 78.1(b). For the following reasons, DSW's Objection is overruled, and I adopt Judge Waldor's R&R in full.

**I. Background**

This action stems from an incident at the Watchung, New Jersey location of DSW, a shoe store, where Scalera allegedly tripped over a shoe-fitting bench

---

[1] Citations to the record will be abbreviated as follows:
 Complaint = Scalera's complaint, DE 1-8
 Mov. Br. = Scalera's brief in support of her motion to remand, DE 7-1
 Objection = DSW's objection to the report and recommendation, DE 15
 R&R = Judge Waldor's report and recommendation, DE 14

and fell. (Complaint ¶¶ 1 & 3). Scalera initially filed suit against DSW in the Superior Court of New Jersey, Law Division, Essex County, on March 26, 2019 (the "First Action."). DSW removed the First Action to this Court on the basis of diversity jurisdiction. On December 5, 2019, the Court granted DSW's motion to dismiss the First Action, dismissing the complaint without prejudice for failure to state a claim upon which relief can be granted. *See Scalera v. DSW Designer Shoe Warehouse/DSW Inc., et al.*, Civil Action No. 19-09587, DE 14 (D.N.J. Dec. 5, 2019). The Court granted Scalera leave to file an amended complaint within 20 days from entry of the Court's Order. (*Id.* at 3). Scalera did not file a new complaint in the First Action. Instead, on December 9, 2019, Scalera filed a new complaint in the Superior Court of New Jersey, Law Division, Essex County, naming six additional individual DSW employees as defendants. (*See generally* Complaint). Scalera explains that she filed a new state court action rather than an amended complaint because some of the added individual defendants are New Jersey residents and therefore destroy this Court's diversity jurisdiction. (*See* Mov. Br. at 3 & 5).

On December 27, 2019, DSW removed the newly filed action to this Court pursuant to 28 U.S.C. § 1441. (DE 1-2). In its petition in support of removal, DSW posits that this Court has diversity jurisdiction over the action because Scalera fraudulently joined the individual defendants to defeat diversity jurisdiction. (*Id.* ¶¶ 12–14). Shortly after removing the case, DSW moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 5). The next day, Scalera filed a motion to remand, arguing that

the presence of the non-diverse defendants strips this Court of diversity jurisdiction.[2]

On February 19, 2020, Judge Waldor issued the R&R in which she recommends that the Court grant Scalera's motion to remand, concluding that "DSW has not demonstrated that [Scalera] fraudulently joined the non-diverse [d]efendants," and as a result, complete diversity does not exist. (R&R at 4). On March 3, 2020, DSW filed a timely objection to the R&R, arguing that evidence outside of the pleadings demonstrates that the non-diverse defendants were fraudulently joined. (*See generally* Objection). On March 16, 2020, Scalera filed a response to DSW's objection. (DE 17).

## II.   Standard of Review

When a magistrate judge addresses motions that are considered "dispositive," such as motions to remand an action to state court, a magistrate judge submits a report and recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L.Civ.R. 72.1c(2); *see also In re U.S. Healthcare,* 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). When a party objects to a report and recommendation, "the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard*

---

[2] Scalera made two additional arguments in support of her motion to remand. Magistrate Judge Waldor did not consider the additional arguments. (R&R at 4 n. 2). Because I agree with Judge Waldor that this Court lacks subject matter jurisdiction, I do not consider Scalera's additional arguments.

3

*Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.,* No. 13–4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013); 28 U.S.C. § 636(b)(1)(C). And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may also receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

### III. Analysis

As a preliminary matter, the parties do not object to certain portions of the R&R, including Judge Waldor's recommendation that the Court deny Scalera an award of attorneys' fees. (R&R at 4). The Court having reviewed the R&R, and for the reasons stated therein, adopts those portions of the R&R. The remainder of this Opinion is confined to the issue raised in DSW's objection—whether removal was proper because of the doctrine of fraudulent joinder.

A party may remove a civil action from state court to federal court within thirty days after receipt of the initial pleading if the district court has original jurisdiction over the action. *See* 28 U.S.C § 1441; 28 U.S.C § 1446. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Pursuant to 28 U.S.C. § 1332(a)(1), "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." However, "[t]he fraudulent joinder doctrine permits courts to ignore the citizenship of a non-diverse defendant for diversity purposes if the plaintiff's

4

joinder of that defendant is 'fraudulent.'" *Hogan v. Raymond Corp.*, 536 Fed. App'x. 207, 210 (3d Cir. 2013). Thus, the "doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215–216 (3d Cir. 2006).

"Joinder is fraudulent 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.'" *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quoting *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). "The plaintiff's mere failure to state a claim does not satisfy this standard, and the plaintiff's claim must instead be so 'wholly insubstantial and frivolous' as to fail to invoke the subject matter jurisdiction of the [d]istrict [c]ourt." *Hogan*, 536 Fed. App'x. at 210 (quoting *Batoff*, 977 F.2d at 852).

The Third Circuit has "stated numerous times that, in applying the fraudulent joinder doctrine, 'the district court must focus on the plaintiff's complaint at the time the petition for removal was filed.'" *Id.* at 210–11 (quoting *In re Briscoe*, 977 F.2d at 851). And "the district court must assume as true all factual allegations of the complaint . . . [and] resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Batoff*, 977 F.2d at 851–52 (internal quotation marks and citations omitted). The removing defendant "carries a 'heavy burden of persuasion'" to show "that the non-diverse party was fraudulently joined." *Id.* at 851 (quoting *Steel Valley Author. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1012 n. 6 (3d Cir. 1987)).

5

As a preliminary matter, there is no dispute that the additional defendants are not completely diverse, and that without a finding of fraudulent joinder, this Court lacks subject matter jurisdiction. (*See generally* DE 9, 7, 10, 15 & 17). DSW also concedes that Scalera's "instant Complaint, on its face, may offer a colorable claim against the new [d]efendants." (Objection at 2). Thus, the crux of the issue for this Court is whether evidence outside the pleadings necessitates a finding of fraudulent joinder, notwithstanding the allegations in the Complaint.

I acknowledge that the Court may take a "limited look beyond the pleadings" to determine if removal is proper. *In re Briscoe*, 448 F.3d at 220. But, as Judge Waldor correctly determined, DSW does not ask this Court simply to look beyond the pleadings. Rather, DSW's arguments ask the Court to "cross[] the line between a proper threshold jurisdictional inquiry and an improper decision on the merits." *Id.* In particular, DSW argues that excerpts from Scalera's prior testimony indicate that she joined the new defendants "despite a lack of reasonable basis in fact." (Objection at 3–4). The testimony on which DSW relies is summarized in a footnote in the Objection:

> A month before filing the instant Complaint, Plaintiff testified that, prior to her alleged fall, Plaintiff walked through at least one other aisle, observing multiple benches positioned therein. *See* ECF Doc. No. 9-1, Ex. "C" at 22:10–22. Plaintiff also testified that, having just observed how the benches were situated in the aisles, she, nonetheless, tripped on a bench because, according to her Complaint, "[her] eyes were attracted to merchandise on shelves inside the store." *See id.*, Ex. "C" at 22–23; *id.*, Ex. "E" at ¶3.

6

(Objection at 2 n.1). DSW argues that it offers this testimony not in support of dismissal under Federal Rule of Civil Procedure 12(b)(6), but instead "as indicia of fraudulent joinder." But to accept DSW's argument requires the Court to conclude that Scalera's testimony establishes that there is no basis in fact to believe that anyone working at DSW was negligent. I agree with Judge Waldor that this argument improperly blends into the merits of Plaintiff's negligence claim against both DSW and the individual employees. (*See* R&R at 3 (quoting *Batoff*, 977 F.2d at 852 ("[T]he inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder."))). Accordingly, I reject DSW's argument that evidence outside the pleadings necessitates a finding of fraudulent joinder.  DSW's objection is overruled.

"The Court emphasizes that it is not deciding—and indeed lacks subject matter jurisdiction to decide—whether [Scalera] has stated a valid claim against [the defendants]." *Raber v. Express Scripts Holding Co.*, No. 18-8639, 2019 WL 1043101, at *5 (D.N.J. Mar. 5, 2019). As such, the pending motion to dismiss (DE 5) will be terminated, and the issues raised therein will be ones for the state court on remand.

**IV.     Conclusion**

For the foregoing reasons, I overrule DSW's objection and adopt Judge Waldor's R&R in full.  This matter is remanded to the Superior Court of New Jersey, Essex County.  An appropriate Order accompanies this Opinion.

/s/ Kevin McNulty
_____
**Kevin McNulty, U.S.D.J.**